# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>DJAVIER DUGGINS, A/K/A "HAZE,"<br><br>Defendant. | Case No. 18-cr-10450-MLW |

### GOVERNMENT'S OPPOSITION TO DUGGINS' MOTION IN LIMINE TO EXCLUDE MENTION OF 2016 INCIDENT WITH LOPEZ FLORES

The United States files this opposition to the motion *in limine* filed by defendant Djavier Duggins a/k/a Haze, in which he seeks to "exclude the government from mentioning in its opening, or offering any evidence at trial of any conduct alleged that the Defendant was with co-defendant, Erick Lopez, on or about November 28, 2016, where a firearm was recovered by Chelsea Police, inside of a vehicle owned and operated by Mr. Duggins." (Dkt. No. 427). The evidence is relevant for a variety of purposes and Fed. R. Evid. 403 does not bar this evidence. The court should **DENY** the motion (Dkt. No. 427).

### The Incident in Question[1]

On November 28, 2016, Chelsea Police responded to the area near Eastern Avenue and Bellingham Street for a report of an accident between a Nissan Sentra and a Logan Express passenger bus. The investigation revealed that the vehicle, which was owned and

---

[1] The government has not yet decided whether it will introduce evidence of this incident in its case-in-chief, although it is possible that the government will do so, especially in light of arguments that the government anticipates Duggins will raise at trial. *See infra* at p. 3. The factual summary of this incident is based on police reports and documents that have been produced to Duggins in discovery or are otherwise available to him. The underlying facts of this 2016 incident do not appear to be in dispute, although the parties appear to disagree on the relevance of those facts.

1

operated by Duggins, had struck the side of the bus. At the time of the accident, the passengers in the vehicle that Duggins was driving included Erick Lopez Flores and a woman. Duggins, Lopez Flores, and the woman suffered various injuries and went to the hospital after the accident. Chelsea Police towed the abandoned and wrecked vehicle that Duggins had been driving. During the inventory process that followed, Chelsea police recovered from the vehicle a .38 caliber Charter Arms revolver loaded with four rounds. Neither Duggins nor Lopez Flores were charged in connection with this incident. The firearm remains in the possession of law enforcement.

## Procedural Background

Duggins and Lopez Flores are co-defendants charged with RICO conspiracy in violation of 18 U.S.C. § 1962(d). *See generally* Superseding Indictment (Dkt. No. 83). The Superseding Indictment alleges that the defendants—including Duggins and Lopez Flores—were leaders, members, or associates of MS-13. *Id.* at ¶ 6. It further alleges that MS-13, including its leaders, members, or associates, constituted an "enterprise" under RICO, that is, "a group of individuals associated in fact." *Id.* at ¶ 7.

Based on the pending RICO conspiracy charge, whether Duggins was "associated in fact" with MS-13 members like Lopez Flores is a highly relevant factual question, as is Duggins' membership in the charged racketeering conspiracy. To date, Duggins has not entered into any evidentiary stipulation regarding his association in fact with MS-13 or his membership in the charged MS-13 conspiracy.

Far from minimizing the importance of these factual questions, Duggins has magnified their importance in pretrial filings. Among other things, Duggins has made numerous assertions that his primary defense is likely to be that he withdrew from the conspiracy back in 2012, couching this as the primary dispute in the case. *See, e.g.*, Dkt.

No. 131, Duggins Motion for Release at pp. 14-15 ("This case in essence can be distilled down to two issues: a) whether the Defendant can affirmatively prove that he withdrew from the enterprise five years before the indictment came down, and b) whether the Government can prove that the defendant rejoined the enterprise (or never withdrew).").

## Argument

The 2016 incident is relevant to the case because it is another data point to show the association in fact between Duggins (who witnesses will say is the "First Word" of the Sykos clique of MS-13) and Lopez Flores (who witnesses will say is the "Second Word" of the Sykos clique of MS-13).  Unless and until Duggins enters into a stipulation regarding his association in fact with Lopez Flores and other MS-13 members, that factual question alone makes this incident relevant.

Further, in the event that Duggins suggests that he withdrew from the conspiracy in 2012—a contention that the government rejects but that Duggins seems intent on raising, *see supra*, Dkt. No. 131—this incident is relevant to showing that Duggins had either rejoined the enterprise by 2016 or had never withdrawn in the first place.  At the very least, it shows that after Duggins was released from prison in 2016—after he served over four and a half years in prison for a 2012 stabbing—he went right back to associating with Lopez Flores (including in an incident where the two gang leaders were driving with a loaded firearm in the vehicle).

Duggins raises two arguments in his motion for why the court should exclude this relevant evidence.  Neither argument carries the day.  Taking each argument in turn:

> "Firstly, the Defendant submits that Mr. Duggins (nor Mr. Lopez) were ever charged with said crime, and has never been given any opportunity to utilize the Courts to defend against any alleged possession." Dkt. No. 427 at p. 1.

3

It is unclear what Duggins is arguing here or why this should be a basis for excluding relevant evidence. There are countless things that will be admitted at trial that were not the basis of prior criminal charges and/or that Duggins did not have the prior opportunity to defend against in court. In any event, Duggins can raise whatever defenses he wants at this trial, although it is worth noting that the government will not be trying to prove that he possessed this firearm. The primary relevance lies in the fact that in 2016, soon after his release from four and a half years in prison, Duggins (the "First Word" of the Sykos clique of MS-13) was associating with Lopez Flores (the "Second Word" of the Sykos clique of MS-13), and the two were together in a vehicle containing a loaded firearm.

Duggins next argues:

> "Second, the Defendant submits that ... under a 18 U.S.C. § 1962(d) conspiracy, racketeering activity does not reach conduct involving firearm offenses or even the involvement of firearms. As such, the factual allegation described above, would be inadmissible as irrelevant, and in violation of Federal Rule of Evidence 403 as prejudicial, misleading, and inflammatory, as it would necessarily cause a jury to convict on the RICO charge based upon improper evidence." Dkt. No. 427 at pp. 1-2 (citations omitted).

This argument misses the mark for a number of reasons. To be sure, under RICO, the definition of "racketeering activity" does *not* extend to the possession of firearms. *See* 18 U.S.C. § 1961. That does not mean, however, that any evidence that touches on firearms is inadmissible or irrelevant in a RICO prosecution. To the contrary, while an enterprise's use of firearms may not be part of the "pattern of racketeering activity" element of RICO, it may be relevant to other elements of RICO. For example, as the First Circuit found in *United States v. Nascimento*, 491 F.3d 25, 45 (1st Cir. 2007), evidence that an enterprise's members used firearms in carrying out its business, that an enterprise member traveled interstate to purchase a firearm, and that such firearm was later fired by a member, was

4

relevant to establishing a nexus between the enterprise's activities and interstate commerce, as required to sustain a conviction under RICO.[2]

Notably, even putting aside the potential relevance of firearms to interstate nexus or related issues, as stated above, the mere fact that Duggins and Lopez Flores were associating in this manner in 2016 is itself relevant under RICO to the question of association in fact and the enterprise element.  Whether their activity—involving firearms or otherwise—was part of the definition of "racketeering activity" under 18 U.S.C. § 1961 is irrelevant to whether their activity is otherwise probative as to their association in fact.

To help elucidate the point, consider the following: in this trial, the government will also introduce evidence that Duggins and Lopez Flores (and separately, Duggins and Gutierrez) had phone communications with each other.  That evidence is relevant to show their association in fact and/or to show their ongoing membership in the charged conspiracy.  The government submits that it would be absurd if Duggins attempted to exclude evidence of the phone communications between Duggins and Lopez Flores by arguing that phone communications are not part of the definition of "racketeering activity" under RICO.  The court would almost assuredly deny such a motion.  The same result is required here.  Just as phone communications between Duggins and Lopez Flores are relevant, other data points of them associating with each other (such as Duggins driving Lopez Flores around with a loaded firearm in the vehicle) are relevant in this case.

---

[2] Although it is unlikely that the government will introduce this 2016 incident just to help prove the interstate nexus element, the government is not waiving the potential relevance on this point.  If a defendant raises an argument that the interstate element has not been met, the government may attempt to meet that element by showing the numerous firearms seized from MS-13 co-conspirators during this investigation that had an interstate nexus, including the firearm seized during this 2016 incident.

Lastly, the Rule 403 argument does not require exclusion either. Given the other evidence that the jury is likely to hear in this case, which will include evidence about the murder of a teenage boy, witnesses describing how Duggins encouraged them to commit murder, etc., Duggins can hardly demonstrate that the mention of a firearm will be "inflammatory" or unduly prejudicial. And even if there is some minimal danger of this evidence being inflammatory or unduly prejudicial, Duggins has not established—at least at this stage—that any probative value of the evidence is "substantially outweighed" by the danger of unfair prejudice. *See* Fed. R. Evid. 403.[3]

## CONCLUSION

For the reasons above, the court should **DENY** the motion *in limine* filed by Duggins (Dkt. No. 427) regarding the 2016 incident with Lopez Flores. This ruling, like other *in limine* rulings, would not prevent Duggins from re-raising this objection at trial.

    Respectfully submitted,

    ANDREW E. LELLING
    United States Attorney

By: /s/ Kunal Pasricha
    KUNAL PASRICHA
    KAITLIN O'DONNELL
    PHILIP A. MALLARD
    Assistant United States Attorneys
    District of Massachusetts

---

[3] Moreover, even if Duggins renews a Rule 403 objection at trial and even if the Court concludes at that time that the reference to an uncharged firearm is inflammatory and unfairly prejudicial, that would not necessarily require exclusion of the evidence. In that instance, the court could issue an appropriate limiting instruction. *See, e.g.*, *United States v. Balthazard*, 360 F.3d 309, 313-14 (1st Cir. 2004) (holding that relevant evidence should be excluded if its probative value is substantially outweighed by danger of unfair prejudice *and* the prejudicial effect cannot be addressed by a limiting instruction).

## Certificate of Service

I hereby certify that I submitted this document for electronic filing via the ECF system, which will send an electronic copy to all counsel of record who are identified on the notice of electronic filing.

By: /s/ Kunal Pasricha
KUNAL PASRICHA
Assistant United States Attorney
District of Massachusetts