UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **v.** | Case No. 18-cr-10450 |
| **DJAVIER DUGGINS** | |

**DEFENDANT'S REPLY TO GOVERNEMENT'S MEMORANDUM IN RESPONSE TO COURT ORDER (DKT #566)**

NOW COMES the Defendant, Mr. Djavier Duggins, ("Duggins") and respectfully responds to the government's memorandum in response ("gov't response") to Court Order #566, which has required further briefing on the admissibility of the statements of Salvador Gutierrez ("Gutierrez"), under Fed. Rule Evid. 804(b)(3), and in anticipation of the upcoming hearing on February 17, 2021. To be sure, the hearing will also determine the admissibility of not only the statements of Mr. Salvador Guiterrez, but Mr. Erick Lopez as well. *See dkt entry #334.*[1]

To briefly recap, and in sum, Duggins has (either in *dkt entry #334* or in response to Court Order #566) presented argument that the statements in question are not admissible because they fall under one of the following categories; 1) testimonial; 2) not in furtherance of the alleged and indicted conspiracy; 3) not against the penal interest of the declarant; and/or 4) were made against the declarant's penal interest, but were not corroborated.

In reviewing the government's response, Duggins merely highlights their minimalist approach on the primary purpose test.  In response to Court Order #566, Duggins highlighted that the government did not embrace the primary purpose test in its original filings, and so

---

[1] Duggins will not re-list the statements here, but rather incorporates them by reference.

1

therefore, and with Court Order #566, were getting a second bite at the apple. *See dkt #580* at page 3 fn.1. However, the government, when seizing this second chance, devotes only one paragraph to that test. *See dkt # 581* at pages 14-15.

While the government did finally acknowledge by the necessity of the primary purpose test after their review of *United States v. Kirk Tang Yuk*, 885 F.3d. 57, 81, n. 13, their acknowledgement left the reader without the necessary application of the doctrine substantively. The government did make a "primary purpose" finding, and used that single paragraph to come to the following conclusion:

> "the primary purpose of Gutierrez's discussion with CW-13 was not to create testimonial statements. As Gutierrez himself made clear in his motion to suppress, he did not know that he was speaking to someone who was an informant or a law enforcement agent, and he had no reason to believe that his statements were testimonial."

*Gov't response* (*dkt #*581) at p. 14

That argument is insufficient on deciding whether Mr. Gutierrez's statements were testimonial for a number of reasons, and primarily having to do with the requirement in *Bryant*, which holds that the Court must objectively analyze the purpose of the interrogation from the statements and actions of both the declarant ***and*** the questioner/interrogator. *See Michigan v. Bryant*, 131 S. Ct. 1143, 1148 (2011) (emphasis added). To be sure, the primary purpose test is designed to determine the ***purpose*** of the "interrogation". *Id* at 1148, 1149, 1150, 1154, 1156. The government's analysis has fallen short, opting to resolve itself with only the intent of the declarant – as done in *Volpendesto*. Duggins necessarily reverts back to his arguments made in response to Court Order #566 (*dkt #*580) to demonstrate why the government's approach, and including the approach in *Volpendesto*, appears to be the "odd-piece", in the testimonial puzzle. *Id.,* at p. 5 fn. 3. In sum, the government does not assist this Court in solving this question

2

of what may be of epic constitutional proportion.[2]

*Statements against Penal Interest*

In an effort to be brief, Duggins will not re-state all of the inadmissible statements which he has already detailed in his previous filing (dkt #334). In replying to the government's response (Dkt #581) Duggins would just like to clarify that he is challenging all of the statements that the government seeks to introduce, claiming that *none* of them satisfy Fed. R. Evid. 804(b)(3) and particularly: 1) any statements that Duggins recruited Gutierrez to join MS-13; 2) any statements that Duggins is the "first word" or leader of the Sykos clique; 3) any statements that Duggins knew anything about a password to Herson Rivas' phone; 4) any statements that Duggins checked the murder crime scene of Mr. Herson Rivas' for cameras after the alleged crime; 5) any statements that Duggins advised Gutierrez not to kill with Lopez; 6) any statements (by Erick Lopez) stating past instances of violence with the Bloods; 7) any statements (by Erick Lopez) that Duggins participated in violent acts against a person named LITTLE CASPER or any other person; 8) statements (by Erick Lopez) that the "East Sides" (another MS-13 clique) also wanted "HAZE" to join; and 9) any statements by Lopez relating another past instance of violence where "HAZE . . . attacked a guy with machete blows". Based upon the fact that Duggins contends these statements have no corroboration in the record, Therefore, none of those statements should be admitted.

---

[2] The government does provide 3 cases, *United States v. Pelletier*, 666 F. 3d. 1 (1st Cir. 2011); *United States v. Castro-Davis¸* 612 F. 3d 53 (2010) and *Horton v. Allen*, 370 F. 3d 75 (1st Cir. 2004) to assist in its' cause, but after review of them all, we see no involvement of a government informant, but rather conversations between people who are not incentivized, let alone instructed by the government to just get in there and "procure". Furthermore, and in *Horton,* the case is *circa* (2004) – before the primary purpose test was even born.

**CONCLUSION**

For the foregoing reasons, Duggins respectfully asks this honorable court to exclude the statements of Salvador Gutierrez, Erick Lopez, and any other declarant whose statement has been detailed in Duggins original Motion *in limine*.

                                        Respectfully Submitted,
                                        DJAVIER DUGGINS
                                        By his Attorney,

                                        /s/ Gordon W. Spencer_____
                                        Gordon W. Spencer, Esq.
                                        BBO #630488
                                        945 Concord Street
                                        Framingham, MA 01701
                                        (508) 231-4822

Dated:   February 10, 2021

**CERTIFICATE OF SERVICE**

     I, Gordon W. Spencer, hereby certify that a true and correct copy of this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) on February 10, 2021.

                                        /s/ Gordon W. Spencer